# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**PERRY SALAAM o/b/o S.S., a minor**
    **Plaintiff,**

   v.                                                    **Case No. 08-C-0238**

**MICHAEL J. ASTRUE,**
**Commissioner of the Social Security Administration**
    **Defendant.**

## DECISION AND ORDER

Plaintiff Perry Salaam brought this action seeking judicial review of the denial of the application for supplemental security income ("SSI") he filed on behalf of his minor child, S.S. I reversed the ALJ's decision and remanded for further proceedings pursuant to 42 U.S.C. § 405(g), sentence four, and entered judgment for plaintiff. Salaam ex rel. S.S. v. Astrue, No. 08-C-238, 2008 WL 4238958 (E.D. Wis. Sept. 15, 2008). Plaintiff now seeks an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

**I.**

Under the EAJA, a prevailing party in a civil suit against the federal government may recover his attorney's fees if the government's position was not "substantially justified," no "special circumstances" would make a fee award "unjust," and the fee petition is timely filed with the district court. Cunningham v. Barnhart, 440 F.3d 862, 863 (7th Cir. 2006). As the Commissioner concedes, based on my decision reversing and remanding under sentence four, plaintiff is the prevailing party in this case. See Shalala v. Schaefer, 509 U.S. 292, 301-02 (1993). And, plaintiff's application, filed within thirty days of when the judgment became final, is timely. See 28 U.S.C. § 2412(d)(1)(B).

The Commissioner indicates that he has valid reasons for requesting that the motion be denied in its entirety because the government's position was substantially justified. However, the Commissioner elects not to challenge plaintiff's entitlement to an award, instead arguing that the amount of the request is excessive. Because the Commissioner bears the burden of demonstrating that the government's position was substantially justified or that special circumstances would make an award unjust, Wirth v. Barnhart, 325 F. Supp. 2d 911, 913 (E.D. Wis. 2004), I find that plaintiff is entitled to attorney's fees.

**II.**

A prevailing party bears the burden of demonstrating that his fee request is reasonable, both as to the rate and the number of hours requested. See, e.g., Lechner v. Barnhart, 330 F. Supp. 2d 1005, 1011 (E.D. Wis. 2004) (citing Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); Hanrahan v. Shalala, 831 F. Supp. 1440, 1450 (E.D. Wis. 1993)); Henderson v. Barnhart, 257 F. Supp. 2d 1163, 1169 (E.D. Wis. 2002). In the original motion, plaintiff's counsel requests compensation for 21.5 hours of work at rates between $170 and $176.63 per hour. Counsel computes the hourly rate according to the Bureau of Labor Statistics Consumer Price Index – Urban ("CPI-U"), a method that has been accepted in this district. See Lechner, 330 F. Supp. 2d at 1011. The Commissioner does not contest the requested hourly rates, and I find them to be reasonable.

Counsel further avers that the time spent was reasonable and necessary to provide effective representation, but the Commissioner takes issue with several entries on counsel's billing record. First, the Commissioner asks me to exclude time spent on essentially clerical or secretarial tasks, such as filing, calendaring and sending courtesy copies. There are cases in which time spent on such tasks should not be awarded at counsel's rate; however, as

2

counsel explains in the EAJA reply, in this case she did not perform these tasks; she simply ensured that her staff had done so. It is not unreasonable for a lawyer to spend .1 or .2 hours, as counsel did here, to ensure that her staff has not dropped the ball.

Second, the Commissioner asks me to exclude time spent requesting filing extensions. Again, although there are cases in which the court may properly exclude such entries, this is not one of them. As counsel explains in the EAJA reply, these extensions were necessary based on her serious health problems. She did not seek extensions due to unpreparedness or in order to delay the case. See Culver v. Barnhart, No. 07-C-643, 2009 WL 151579, at *2 (E.D. Wis. Jan. 22, 2009) (Griesbach, J.) ("The few requests for extensions of time were for good cause (including counsel's suffering of a heart attack), and they are certainly within the typical ebb and flow of what one expects in a civil lawsuit."). In any event, the time spent on such requests in this case was minimal. It also worth noting that the Commissioner requested an extension of time in this case too. (R. 22.)

Third, the Commissioner challenges the 3.9 hours counsel spent preparing the initial EAJA submission. While this is a bit higher than I usually see billed for this task, see, e.g., Lechner, 330 F. Supp. 2d at 1013 (1.7 hours); Wates v. Barnhart, 288 F. Supp. 2d 947, 954 (E.D. Wis. 2003) (2 hours); Uphill v. Barnhart, 271 F. Supp. 2d 1086, 1096 (E.D. Wis. 2003) (1.6 hours), I nevertheless find the request reasonable. A review of counsel's invoice reveals that this block of time comprises not just completion of the motion, supporting affidavit and memorandum, but also sending a letter to the client explaining the purpose of the motion. Further, this is not a case like Martinez v. Astrue, No. 08-C-2, 2008 WL 4722335, at *2 (E.D. Wis. Oct. 24, 2008), where the Commissioner agreed to a remand yet counsel spent significant time arguing substantial justification in the EAJA motion. The supporting memorandum here

3

was nine pages long and contained specific arguments in favor of a fee award.[1]

Therefore, I find plaintiff's original request for $3763.20[2] in fees based on 21.5 hours of work reasonable.[3] Plaintiff also requests compensation for the 5.6 hours counsel spent on the EAJA reply. Such time is compensable, see Commissioner, INS v. Jean, 496 U.S. 154, 162 (1990), and I find this request reasonable, see, e.g., Lechner, 330 F. Supp. 2d at 1013 (awarding 4.9 hours spent on EAJA reply); Wirth, 325 F. Supp. 2d at 918 (awarding 5.8 hours spent on EAJA reply); Samuel v. Barnhart, 316 F. Supp. 2d 768, 783 n.6 (E.D. Wis. 2004) (awarding 5 hours spent on EAJA reply). I will therefore award $907.20 (5.6 x $162) for time spent on the EAJA reply brief.

**III.**

**THEREFORE, IT IS ORDERED** that plaintiff's motion for an award of attorney's fees (R. 20) is **GRANTED,** and plaintiff's attorney, Lynn Zuehlsdorf-Mack, is awarded fees in the amount of $4670.40 ($3763.20 + $907.20).

Dated at Milwaukee, Wisconsin, this 10th day of February, 2009.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

---

[1] As I indicated in Martinez, though, counsel would be wise to say little about substantial justification in the initial EAJA submission, see if the Commissioner tries to defend the agency's position in his response, then address the issue fully in reply.

[2] In the original motion, plaintiff requests $3768.20, but the amounts on the invoice total $3763.20. I use the latter figure.

[3] The total request is significantly lower than many EAJA awards in this district and circuit. See Lechner, 330 F. Supp. 2d at 1011 (citing Wirth, 325 F. Supp. 2d at 914) (awarding fees based on 40.9 hours of work and collecting cases involving 61.1, 61.05, 38.5, 53.6, 54.2, 66.95, 53.5, 56.2 and 56.3 hours).

4